**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**DWAYNE A. McGEE,**
**D.O.C. # 191842,**

      **Plaintiff,**

**vs.**                          **Case No. 4:13cv126-RH/CAS**

**KENNETH L. TUCKER,**

      **Defendant.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, a pro se prisoner, has filed a civil rights complaint against the former Secretary of the Florida Department of Corrections, doc. 1, an in forma pauperis motion (which fails to present a printout of his inmate bank account), doc. 2, a separate "motion to proceed in forma pauperis under imminent danger of serious physical injury," doc. 3, which does contain an inmate bank account statement, and two motions for injunctive relief, docs. 4, 5. The complaint, doc. 1, has been reviewed to determine if Plaintiff is indeed presenting allegations which demonstrate that Plaintiff is in imminent danger of serious physical injury. Plaintiff has not. Plaintiff's complaint alleges that changes to the Department's master menu provides less calories, less nutrition, and

less quality for all inmates.  Doc. 1 at 6-9.  Plaintiff contends that since his confinement

on May 23, 2012, to the present day, his weight has gone down from approximately 143

lbs. To 125 lbs.  *Id.* at 9.  Plaintiff alleges that the Department "is trying to kill [inmates]

with poor food quality and quantity."  *Id.*  Allegations complaining about prison food do

not show Plaintiff is in imminent danger of serious physical injury.

Plaintiff's complaint fails to forthrightly identify his prior cases dismissed prior to

service as frivolous, malicious, or for failing to state a claim.  Doc. 1 at 4-6.  Plaintiff

generally alerts the Court to the fact that he has three strikes by virtue of his in forma

pauperis motion, doc. 3, but he does not point to the cases which prevent him from

being granted in forma pauperis.  Judicial notice is taken that case no. 3:99cv428 was

dismissed without prejudice in the Middle District of Florida on May 5, 1999, for abuse

of the judicial process.[1]  Case no. 3:99cv566, filed in the Middle District of Florida, was

dismissed sua sponte by the Court in June of 1999, and Plaintiff's appeal of that

dismissal was dismissed as frivolous in February, 2000.  Case no. 3:03cv522 and case

no. 4:03cv350, both of which were filed in the Northern District of Florida, were

dismissed because Plaintiff has three strikes under § 1915(g) and was not entitled to in

forma pauperis status.  Additionally, case no. 1:06cv219 was also dismissed in this

Court because Plaintiff has three strikes and did not pay the filing fee when he

submitted the complaint, nor did Plaintiff filed an in forma pauperis motion, although he

---

[1] In <u>Rivera v. Allin</u>, 144 F.3d 719 (11th Cir. 1998), the Eleventh Circuit held that a strike may be imposed when a prisoner fails to truthfully and/or completely disclose prior lawsuits.  <u>Rivera</u>, 144 F.3d at 731.  Such actions are abuse of the judicial process and, whether or not characterized by a court as "frivolous" or "malicious," it is a strike. 144 F.3d at 731.  Additionally, it matters not that the case was dismissed "without prejudice."  *Id.*

was not entitled to in forma pauperis status because his allegations did "not entitle him to avoid the bar of § 1915(g) . . . ."  Doc. 4 of that case.

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As demonstrated above, Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.  Plaintiff's allegations fail to demonstrate that Plaintiff is in jeopardy of serious physical injury and, thus, he is not within the "imminent danger" exception.  This case must be dismissed without prejudice, and Plaintiff is permitted to re-file this case if he simultaneously pays the full amount of the filing fee.  *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motions for leave to proceed in forma pauperis, docs. 2-3, be **DENIED**, the complaint, doc. 1, be **DISMISSED**, and the motions for injunctive relief, docs. 4-5, be **DENIED** because Plaintiff is barred by 28 U.S.C. § 1915(g) from initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint.

**IN CHAMBERS** at Tallahassee, Florida, on March 19, 2013.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**